TOWN OF NORTH PROVIDENCE

v.

## LOCAL 2334, INTERNATIONAL ASSOCIATION OF FIREFIGHTERS.

No. 97–476–A.

Supreme Court of Rhode Island.

Nov. 6, 1998.

John J. DeSimone.

Margaret L. Hogan, Warwick.

### ORDER

On October 13, 1998, this case came before the Supreme Court on the appeal of the defendant, Local 2334, International Association of Firefighters of North Providence from a Superior Court order confirming an arbitration award. Pursuant to an order of this Court both parties were directed to appear and show cause why the issues raised on appeal should not be summarily decided. After reviewing the parties' memoranda and hearing their arguments, we perceive that cause has not been shown, therefore we shall proceed to determine the merits of this appeal at this time.

In 1974, the state Labor Relations Board certified the International Association of Firefighters (union) as the collective bargaining unit for the firefighters of North Providence. This certification specifically excluded the chief of the North Providence fir department (chief) from the bargaining unit and there has been no subsequent written agreement that explicitly modifies this certification. In 1995, however, when a new chief was appointed from outside the ranks of the department, the issue of whether the new chief was a member of the union soon arose. The president of the union informed the new chief that he was required to join the union or pay a service fee but the chief refused.

---

As a result of this membership dispute, on March 22, 1995, the union filed a grievance against the town of North Providence (town) in accordance with the Collective Bargaining Agreement (CBA), which was entered into between the parties. The grievance alleged that the town violated the CBA by refusing to deduct union dues from the pay of the chief and forward these dues to the union. The town, on the other hand, maintained that as a managerial employee serving principally supervisory functions, the chief is excluded from the bargaining unit and the town is not required to contribute union dues on behalf of the chief. The town offered additional support for this argument by citing to the 1974 union certification by the Labor Relations Board, which specifically excluded the chief. Notwithstanding the town's position, the union alleged that the CBA required the chief to pay union dues as required by Article I. Section 2(B), which states:

"Any new employees hired during the life of this Agreement shall not be required to become a member of the Union but shall be required to pay to the Union an amount of money equal to that paid by members of the Union, which amount shall be limited to a sum equal to a member's usual and regular dues, initiation fees and general uniform assessments."

Despite communications between the parties in an effort to resolve this dispute, the issue remained unsettled and was submitted to arbitration. The arbitrator found that the town's actions exempting the chief from paying union dues violated Article I, Section 2(B) of the CBA, and consequently directed the town to pay the union past dues. The arbitrator based this conclusion upon the absence of any specific language excluding the chief in the CBA, as well as the fact that "in the past North Providence Fire Chiefs have been members of the [sic] fighters' bargaining unit, have been covered by the terms of fire fighters' Collective Bargaining Agreement, and have their dues deducted by the City [sic]."

Upon issuance of the arbitrator's award, the town filed two motions with respect to the arbitration award, one to vacate the award, the other to stay implementation of the award. At this time the union opposed both motions and sought to confirm the arbitrator's award. After reviewing the arbitrator's award the trial justice denied the town's motions and confirmed the award, however, he did place a construction on the award that significantly altered its meaning. The trial justice stated that "all this award does is give past/present chiefs' [sic] authority, if they wish, to [have dues] withheld; and until they do, there are no past amounts due."

The union appeals the trial justice's decision, argues that the trial justice exceeded his authority in modifying the arbitration award, and requests that the arbitration award be reinstated without the trial justice's construction. We disagree with the union and conclude that the trial justice was correct in construing the arbitration award and placing a limitation on the chief's inclusion in the union. Notwithstanding our agreement with the trial justice's construction, however, we are nonetheless of the opinion that the trial justice did not go far enough and that it is against public policy to include the chief of the fire department in the union given the chief's managerial and supervisory position.

The United States Supreme Court has held that Congress intended to exclude all persons properly defined as 'managerial employees' from the ambit of the National Labor Relations Act. *National Labor Relations Board v. Bell Aerospace Company, Division of Textron, Inc.,* 416 U.S. 267, 289, 94 S.Ct. 1757, 1769, 40 L.Ed.2d 134, 151 (1974). *See also National Labor Relations Board v. Yeshiva University,* aff'd, 444 U.S. 672, 690 100 S.Ct. 856, 866 63 L.Ed.2d 115, 130 (1980).

Similarly this Court has also supported the rationale espoused in both National Labor Relations Board cases previously cited in stating that "[t]o allow managers and supervisors to participate in the collective-bargaining process would be to create a conflict of interest." *State v. Local No. 2883, AFSCME,* 463 A.2d 186, 191 (R.I.1983). Furthermore, we have stated that to allow managerial and supervisory employees to be members of the union would create an imbalance in the bargaining power between the union and the employer. *See Barrington School Committee v. Rhode Island State La-*

*bor Relations Board,* 608 A.2d 1126, 1136 (R.I.1992). If we were to permit the chief to become a member of the union this practice would afford the union the opportunity to obtain one-sided access to management's sensitive labor relations information and thus obtain an unfair advantage in the collective bargaining process. *See id.*

We recognize that this Court has held in the past that a chief of police can be included within a police department union despite the fact that he or she may be "the chief" and may have some managerial and supervisory functions. *See Town of Lincoln v. Lincoln Lodge No. 22,* 660 A.2d 710, 718 (R.I.1995). Unlike the Fireman's Arbitration Act, in *Lincoln Lodge* we noted that the Policemen's Arbitration Act contained language that expressly included the chief in the definition of a police officer for purposes of union membership. *Id.* at 719, *see* G.L.1956 §§ 28-9.1-3(2). Furthermore, the police chief in *Lincoln Lodge* had no power to appoint, remove, or promote police officers, and several of the chief's actions had to be approved by the town administrator and the town counsel. *Id.* at 716. There is no question that although the General Assembly possesses the constitutional power "to include chiefs of police as members of local police bargaining units, we have never endorsed the wisdom of that policy and do not endorse it now." *Id.* at 718. We are of the opinion that to allow the fire chief to become a member of the collective bargaining unit would create an appearance of impropriety and perhaps a situation of unequal bargaining power between the union and the employer.

For the reasons stated above the appeal is denied and dismissed. The judgment appealed from, which had the effect of nullifying the arbitrator's awards provisions, is affirmed. However, we conclude that the trial justice did not go far enough and should have vacated the award for the reasons stated herein. Accordingly the award is vacated and the matter is remanded to the Superior Court for entry of judgment in accordance with this opinion.